UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | **CV 16-05736 BRO (ASx)** | Date | September 30, 2016 |
|---|---|---|---|
| Title | **ROSA MARIA LOZANO V. CSM BAKERY PRODUCTS NA, INC., ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER RE PLAINTIFF'S MOTION TO REMAND [12]

### I. INTRODUCTION

Pending before the Court is Plaintiff Rosa Maria Lozano's ("Plaintiff") Motion to Remand. (Dkt. No. 12 (hereinafter, "Motion").) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a California resident, worked for CSM Bakery Products, NA ("CSM") for thirteen years. (Dkt. No. 1 (hereinafter, "Removal"), Ex. 1 (hereinafter, "Compl.") ¶¶ 1–2.) Plaintiff has lived in California since 2001, and lived at 212 W. Francis Street, Ontario, CA for the entirety of her employment. (Dkt. No. 14 (hereinafter, "Opp'n") at 3; Declaration of Gabriel S. Spooner (hereinafter, "Spooner Decl."), Ex. A.) Defendant CSM is a Delaware corporation that maintains its principal place of business in Tucker, Georgia. (Removal ¶ 12.) Miguel Garcia and Lorena Vela were at all relevant times Plaintiff's direct supervisors at CSM. (Compl. ¶ 2.)

Plaintiff contends that she "performed her job duties in an exemplary manner" at all times during her employment. (Compl. ¶ 9.) Plaintiff asserts that because of her age, race, and other classifications she was subject to harassment and unfair conditions at work. (*Id.* ¶ 4.) Plaintiff alleges that Garcia and Vela cut Lozano's workdays from six to three, (*id.* ¶ 11(e)), and Garcia would tell plaintiff that "[y]ou need to work quicker" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05736 BRO (ASx) | Date | September 30, 2016 |
|---|---|---|---|
| Title | ROSA MARIA LOZANO V. CSM BAKERY PRODUCTS NA, INC., ET AL. | | |

"you're too slow," (*id*. ¶ 11(f)). Plaintiff further contends that CSM did not inform Plaintiff about new training and that Vela did not give Plaintiff the option to retake the training. (*Id*. ¶ 11(h).) Defendant Vela told another manager that Plaintiff was "useless as a packer" because she had not learned the new system. (*Id*.) Finally, Vela and Garcia began scheduling Plaintiff to start work at 5:00 am; however, because she had not received the new training, they did not let her start work until 9:00 am. (*Id*. ¶ 11(i).) On December 19, 2014, CSM fired Plaintiff. (*Id* ¶ 12.) Plaintiff alleges that CSM, Garcia, and Vela (collectively, "Defendants") were responsible for the harassment she faced and caused her unlawful firing. (*Id*. ¶ 4.) CSM alleges that it fired Plaintiff after she placed a contaminated tray of scones, which fell on the floor, back onto the line for packaging. (Opp'n at 1.)

Plaintiff filed this action on July 15, 2016, in the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court"). (*See* Compl.) Plaintiff alleges the following sixteen state law causes of action against Defendants: (1) discrimination on the basis of age in violation of the California Fair Employment and Housing Act ("FEHA"); (2) harassment on the basis of age in violation of FEHA; (3) retaliation for complaining of discrimination or harassment on the basis of age in violation of FEHA; (4) discrimination on the basis of disability in violation of FEHA; (5) harassment on the basis of disability in violation of FEHA; (6) retaliation for complaining of discrimination or harassment on the basis of disability in violation of FEHA; (7) discrimination on the basis of race in violation of FEHA; (8) harassment on the basis of race in violation of FEHA; (9) retaliation for complaining of discrimination or harassment on the basis of race in violation of FEHA; (10) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (11) breach of express oral contract not to terminate employment without good cause; (12) breach of implied-in-fact contract not to terminate employment without good cause; (13) negligent hiring, supervision, and retention; (14) wrongful termination of employment in violation of public policy; (15) violation of labor code §1102.5; and, (16) intentional infliction of emotional distress ("IIED"). (Compl. ¶¶ 18–118.)

On July 22, 2016, Plaintiff served CSM with a copy of the Summons and Complaint. (Removal Ex. 2.) On August 2, 2016, CSM filed a Notice of Removal in this Court. (*See* Removal.) On August 4, 2016, Plaintiff's counsel tried to serve Garcia and Vela through Defendants' counsel; Defendant's attorney stated that it could not accept

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | **CV 16-05736 BRO (ASx)** | Date | September 30, 2016 |
|---|---|---|---|
| Title | **ROSA MARIA LOZANO V. CSM BAKERY PRODUCTS NA, INC., ET AL.** | | |

the service of summons. (Declaration of Gabriel S. Spooner (hereinafter, "Spooner Decl.") Ex. D–E.) Plaintiff filed the instant Motion to Remand back to Los Angeles Superior Court on September 1, 2016. (*See* Motion.) CSM filed its opposition on September 12, 2016. (*See* Opp'n.) As of October 3, 2016, Plaintiff has not served Garcia or Vela with a copy of the Summons and Complaint. (Motion at 3, 6–8; Opp'n at 5.)

### III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

28 U.S.C. § 1441(a) provides that a civil action may be removed to the district court only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2) (the "Forum Defendant Rule").

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.*

### IV. DISCUSSION

Plaintiff seeks to have the instant case remanded to the Los Angeles Superior Courtstate court. Defendant argues against remand on three interrelated bases: (1) Plaintiff fraudulently joined Garcia and Vela; (2) the Forum Defendant Rule does not apply; and, (3) the Court has diversity jurisdiction over the matter. (*See* Opp'n at 2, 4, 7.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-05736 BRO (ASx)** | Date | September 30, 2016 |
|---|---|---|---|
| Title | **ROSA MARIA LOZANO V. CSM BAKERY PRODUCTS NA, INC., ET AL.** | | |

For the following reasons, the Court finds that removal was improper and remand is appropriate.

### A. Defendants Garcia And Vela Are Non-Fraudulent, Forum Defendants

First, CSM alleges that removal of the action is proper because Plaintiff fraudulently joined Garcia and Vela as defendants. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal quotation marks omitted). Because Plaintiff asserts a plausible claim for harassment as IIED against Garcia and Vela, (*see* Compl.), Defendants Garcia and Vela were not fraudulently joined.[1]

### 1. Plaintiff States a Plausible Cause Of Action Against Individual Forum Defendants Garcia And Vela

Plaintiff asserted a claim of IIED against Garcia and Vela. A cause of action for IIED requires: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and, (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal. 4th 103, 1050 (Cal. 2009).

Plaintiff asserts that Garcia and Vela subjected her to unwelcome harassment. (*See* Compl.) Garcia allegedly made comments about Plaintiff's ability to work based on her age, (*id*. ¶ 23), saying "[y]ou need to work quicker," and "you're too slow," (*id*. ¶ 11(f).) Garcia denied Plaintiff's request to take care of her child when her daughter was in the hospital was in the hospital, and Garcia said that Plaintiff asked for too much. (*Id*. ¶ 11(g).) Vela refused to train Plaintiff after she did not attend the packaging training, even though CSM did not inform Plaintiff about the training. (*Id*. ¶ 11(h).) Vela informed CSM management that Plaintiff was useless because she did not receive the

---

[1] Because Plaintiff states a plausible claim against defendants Garcia and Vela, the Court need not reach the issue of whether Plaintiff states a plausible claim against Garcia and Vela for a violation of FEHA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05736 BRO (ASx) | Date | September 30, 2016 |
|---|---|---|---|
| Title | ROSA MARIA LOZANO V. CSM BAKERY PRODUCTS NA, INC., ET AL. | | |

training. (*Id.*) Further, Plaintiff asserts that Garcia and Vela decreased plaintiff's hours, and did not grant Plaintiff's request to increase her hours. (*Id.* ¶ 11(e)–(f).) Plaintiff alleges that this harassment altered her working conditions and created an abusive work environment. (*See* Compl.) Plaintiff alleges that before Garcia and Vela became her supervisors and began their harassment, she was an "exemplary" employee and even received a promotion to lead packer. (*Id.* ¶¶ 8–9, 11(a).) However, after Garcia and Vela became her supervisors she experienced emotional distress and CSM fired her. (*Id.* ¶ 11–12.) Plaintiff further avers that Garcia and Vela knew that depriving plaintiff of an income would cause severe emotional distress. (Compl. ¶ 11, 114–15.) Finally, Plaintiff alleges that because of Garcia and Vela's conduct she suffered, and still suffers, severe emotional distress. (*Id.* ¶ 116–17.) Therefore, the Court finds that Plaintiff has stated a plausible claim against the resident, non-diverse defendants. As such, the Court finds that Plaintiff has not fraudulently joined Garcia and Vela.

### B. Forum Defendant Rule Applies

CSM alleges the forum defendant rule does not apply because Plaintiff has not served Garcia and Vela. (Opp'n. at 4–6.) The forum defendant rule states "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). CSM asserts that because Plaintiff has not served Garcia and Vela there are not any California citizens who are defendants; and therefore, the removal to federal court was not defective. (*See* Opp'n. at 4–6.) The Forum Defendant Rule, "on its face, applies only where the forum defendant has been properly joined and served." *Khashan v. Ghasemi*, No. CV 10-00543 MMM (CWx), 2010 WL 1444884, *2 (C.D. Cal. April 5, 2010). However, "the 'properly joined and served' language, added to § 1441(b) in 1948, has widely been interpreted as reflecting Congressional intent to prevent the fraudulent joinder of forum defendants in order to avoid removal." *Id.* (citations omitted). As the Court stated above, Plaintiff did not fraudulently join Garcia and Vela in this action to avoid removal. Further, a non-literal approach of the forum defendant rule is appropriate because it does not award the defendant's gamesmanship of removing the action before the plaintiff has a meaningful opportunity to serve all of the defendants. *Standing v. Watson Pharm., Inc.*, No. CV 09-0527 DOC (ANx), 2009 WL 842211, *4 (C.D. Cal. Mar. 26, 2009).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-05736 BRO (ASx)** | Date | September 30, 2016 |
|---|---|---|---|
| Title | **ROSA MARIA LOZANO V. CSM BAKERY PRODUCTS NA, INC., ET AL.** | | |

Here, CSM removed this action only ten days after it received notice, and only seventeen days after Plaintiff filed the complaint. (*See* Removal.) In fact, Plaintiff attempted to serve Garcia and Vela eleven days after she served CSM, but the Defendants' counsel could not accept the service. (Spooner Decl. Ex. D–E.) The Court finds that Plaintiff did not have a meaningful time to serve Garcia and Vela because CSM removed this case in such a short period, Plaintiff attempted to serve Garcia and Vela. Therefore, the forum defendant rule applies and renders the removal procedurally defective. *See Khashan,* 2010 WL at *3 (citing *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006)).

### C. This Court Lacks Subject Matter Jurisdiction

Even if the forum defendant rule did not apply, removal would be improper because the Court does not have subject matter jurisdiction over this action. Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar*, 519 U.S. at 67–68.

#### 1. Amount In Controversy Exceeds $75,000

The Court finds that the amount in controversy exceeds $75,000, and this would satisfy the amount in controversy requirement for subject matter jurisdiction. 28 U.S.C. § 1332(a). When a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the applicable standard is by a preponderance of the evidence. *Id.* This requires that the defendant offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-05736 BRO (ASx)** | Date | September 30, 2016 |
|---|---|---|---|
| Title | **ROSA MARIA LOZANO V. CSM BAKERY PRODUCTS NA, INC., ET AL.** | | |

Here, the amount in controversy is unclear from the face of the Complaint. (*See* Compl., Motion at 15.) CSM claims that the amount in controversy exceeds $75,000. (Removal at 5–7; Opp'n at 9–11.) To support this claim, CSM uses Plaintiff's own settlement correspondences with Defendants' counsel. (Opp'n at 10–11.) "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). On March 17, 2016, Plaintiff informed Defendants that their opening settlement demand was $495,000. (Spooner Decl., Ex. B.) Further, on March 25, 2016, Plaintiff calculated the total economic damages as $138,524.50: $44,000 in lost income, $4,182 in lost benefits, $82,500 in projected future lost income, and $7,842.50 in future lost benefits. (Spooner Decl., Ex. C.) Accordingly, the Court finds the amount in controversy exceeds $75,000.

### 2. Diversity Of Citizenship Requirement Is Not Met

While the amount in controversy exceeds $75,000, the Plaintiff is not completely diverse from all Defendants. Garcia and Vela are citizens of California. (Removal ¶ 5.) The Court also finds that Plaintiff is a citizen of California. A party is a citizen of the state in which they are domiciled. *Gilbert v. David*, 235 U.S. 561, 569 (1915). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff has lived in California from at least October 2001 to July 15, 2016, when Plaintiff filed the Complaint. (Compl. ¶ 1, 8; Opp'n. at 3). Further, Plaintiff lived at the same address for at least thirteen years during her employment. (Spooner Decl. Ex. A; Opp'n at 3.) Therefore, the Court finds that there was not complete diversity between the parties. As such, the Court does not have subject matter jurisdiction.

### D. Attorneys' Fees

Plaintiff seeks $4,800 in attorneys' fees incurred in bringing this Motion, based on the allegation that Defendants' removal was improper. (*See* Motion at 16–17.) "Absent unusual circumstances," a district court may award fees pursuant to 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Court

| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | JS-6 |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | |
| Case No. | CV 16-05736 BRO (ASx) | Date | September 30, 2016 |
| Title | ROSA MARIA LOZANO V. CSM BAKERY PRODUCTS NA, INC., ET AL. | | |

holds that although the removal was improper, CSM had a reasonable basis for seeking removal.  *See Id.*  Therefore, the Court **DENIES** Plaintiff's request for attorneys' fees.

## V.  CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has established grounds for remand in this case.  Therefore, the Court **GRANTS** Plaintiff's Motion to Remand, but **DENIES** Plaintiff's request for attorneys' fees.  The hearing scheduled for October 3, 2016 is **HEREBY VACATED**.

**IT IS SO ORDERED.**                                                                 :

| | Initials of Preparer | rf |
|---|---|---|